UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

CASE NO: 16-20199
HON. VICTORIA A. ROBERTS

v.

DEANDRE ELLIOTT,

Defendant.
_____________________________________________/

**ORDER DENYING DEFENDANT'S MOTION *IN LIMINE* RE: INTRODUCTION FRE 404(b) EVIDENCE DURING THE GOVERNMENT'S CASE-IN-CHIEF [ECF NO. 25]**

## I. Introduction

Deandre Elliott is charged in a fifteen count indictment with filing false claims, theft of government funds and aggravated identify theft. Specifically, Elliott is charged with filing false tax returns for "LC" for tax years 2013 (Counts 1-3) and 2014 (Counts 4-6); "PB" for tax year 2013 (Counts 7-9) and for "AP" for tax years 2013 (Counts 10-12) and 2014 (Counts 13-15). These individuals are all residents of Roanoke, Virginia and are identified by initials to protect identities.

Elliott filed a Motion *in Limine* to prevent the Government from introducing evidence at trial of "other acts" related to the filing of fraudulent tax returns.

The Government says it intends to call ten individuals as witnesses who have not been charged in the indictment, but who are also allegedly victims of the fraudulent tax return scheme. Nine of these individuals are also from the Roanoke, Virginia area. The

Government says Elliott stole their identities and filed false federal income tax returns in their names in order to obtain refunds.

Elliott's Motion is **DENIED**.

## II. Legal Standard

Rule 404(b) prohibits the use of evidence of other crimes, wrongs, or acts ". . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed.R.Evid. 404(b). Such evidence may be admissible for other reasons, such as to show motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed.R.Evid. 404(b)(2).

## III. Discussion

The Government says the testimony of these individuals is intrinsic to the charges and falls outside the scope of 404(b). Alternatively, the Government says this evidence may be admitted to show Elliott's knowledge, plan, scheme and absence of mistake. The Court agrees.

". . .Rule 404(b) does not apply when the other acts evidence is intrinsic or part of a continuing pattern of illegal activity or where it is 'inextricably intertwined' with evidence of the crime charged in the indictment." *United States v. Daulton*, 266 F. App'x 381, 384 (6th Cir. 2008)(unpublished) *(*citing *United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir.1995)). Evidence is considered "inextricably intertwined" when the charged and uncharged conduct "are part of the a single criminal episode or the other acts were necessary preliminaries to the crime charged." *Barnes,* 49 F.3d at 1149

(Citing *United States v. Williams*, 900 F.2d 823, 825 (5th Cir.1990)).

The Government contends that the scope of Elliott's fraudulent scheme was large. It says 302 of the 787 federal tax returns Elliott filed in the names of others for tax years 2012 and 2013 contain false information. The Government also identified 42 suspicious returns for tax year 2014. A portion of each refund was directed into a bank account controlled by Elliott, with the rest of the money going to debit card accounts that the Government says was created to receive the funds. In 2015, a postal carrier noticed that numerous items of mail going to Elliott's house appeared to contain debit cards that were not in his name. The postal carrier returned the cards to senders and alerted her superiors because she was trained that this is an indication of fraud.

Elliott says these individuals constitute inadmissible propensity evidence and should be banned because it will confuse the jury and result in unfair prejudice. In support, Elliott relies on *State Farm Mut. Auto. Ins. Co. v. Accident Victims Home Health Care Servs., Inc*., 467 F. App'x 368 (6th Cir. 2012). In that case, the other acts evidence consisted of evidence that the defendant company's president fraudulently altered daily reports. *Id*.

State Farm is distinguishable because the district court found that it was character evidence and also because the other acts took place during an unrelated prior civil case. Here, the other acts evidence took place during the same time period as the charged offenses and appear to be part of the same scheme.

The Sixth Circuit recently examined a similar situation in *Daulton*. In *Daulton*, the defendant was convicted for preparing fraudulent tax returns. The other act evidence included statements of clients regarding the preparation of returns for years not included

in the indictment, statements by the defendant in various media forms, and statements by former employees of the defendant's tax service who testified about procedures. *Daulton*, 266 Fed.Appx. at 384. The district court held the other act evidence was part of a continuing criminal episode and not within the scope of 404(b). *Id*. The Sixth Circuit agreed and said even if the district court erred by admitting the evidence because it fell outside the scope of 404(b), the evidence would be admissible for purposes other than to show behavior in conformity, such as to show the defendant's method, preparation and plan. *Id*. at 385.

This evidence is unlikely to cause unfair prejudice. Evidence is deemed unfairly prejudicial if it "inflames the passions of the jury" and "causes them to ignore the evidence." *Id*. (Citing *United States v. Whittington*, 455 F.3d 736, 739-40 (6th Cir. 2006).

The Court finds evidence of other allegedly fraudulent tax returns is unlikely to inflame the jury or cause them to ignore evidence. It provides context for Elliott's operation and shows that Elliott's actions may have been part of a course of criminal activity.

Additionally, the Court agrees this evidence may come in under 404(b)(2) to show plan, knowledge, intent and absence of mistake. In support, the Government relies on the three part test established by the Sixth Circuit:

> First, the district court must decide whether there is sufficient evidence that the other act in question actually occurred. Second, if so, the district court must decide whether the evidence of the other act is probative of a material issue other than character. Third, if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect.

*United States v. Clay*, 667 F.3d 689, 693 (6th Cir. 2012).

This test is met. The Government says the other acts will be proven by testimony of individuals whose identity was stolen, as well as evidence that their returns were in Turbotax files on Elliott's computer. The Government also says the acts are not offered to prove a character trait but are probative of material issues in the case: whether Elliott filed the returns as part of an intentional plan and not by mistake.

## IV. Conclusion

Elliott's Motion is **DENIED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: June 14, 2016

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 14, 2016.

S/Carol A. Pinegar
Deputy Clerk