UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                  Criminal Case No. 16-20199

Deandre Elliott,               Sean F. Cox
                                       United States District Court Judge

    Defendant.
_____/

## ORDER DISMISSING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

Acting *pro se*, Defendant Deandre Elliott ("Defendant") filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1). (ECF No. 69).

18 U.S.C. § 3582(c)(1)(A) allows a criminal defendant to move to modify his term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" The United States Court of Appeals for the Sixth Circuit examined the nature of these requirements for a defendant's motion for compassionate release. In *United States v. Alam*, 960 F.3d 831 (6th Cir. June 2, 2020), the Sixth Circuit held that § 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule. *Id*. at 833. If a defendant fails to comply with this rule, and the Government timely objects to his motion on that basis, the Court

1

must enforce the exhaustion requirement and dismiss the motion without prejudice.[1]  *Id*. at 834, 836. The Court may not craft an exception to this statutory exhaustion requirement. *Id*. at 834.

Here, the Government's response brief asserts that Defendant has failed to administratively exhaust his claim.

Accordingly, in an order issued on December 18, 2020, this Court ordered Defendant to show cause, in writing, "no later than **January 11, 2021**," "why the Court should not deny his Motion for Compassionate Release without prejudice" and ordered that "[i]f Defendant contends that he has submitted a compassionate release request to his warden, Defendant shall include a copy of that request (or any other documentation) with his response to this order." (ECF No. 74) (emphasis in original).

Defendant has not filed any response to the Court's Show Cause Order and the time for doing so has passed.

The Court **DISMISSES WITHOUT PREJUDICE** Defendant's Motion for Compassionate Release. Defendant may file a new motion for compassionate release (1) after he properly submits a compassionate release request to his warden and fully exhausts his administrative rights to appeal an adverse decision, or (2) 30 days after his warden receives a compassionate release request from him, whichever is earlier.

---

[1] In explaining that a prematurely filed motion seeking compassionate release should be dismissed without prejudice, the Sixth Circuit explained that is the preferred course even if Defendant had made a request to his warden but not waited the required amount of time before filing the motion. *Alam, supra*, at 836 ("If (rather than dismissing) we sat on untimely compassionate release motions until the 30-day window ran its course, we could end up reviewing stale motions. Better to have [the defendant] refile with the benefit of whatever additional insight he may have gleaned.").

2

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: February 1, 2021